

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00228-CV

**ULLJA KUNTZE,**

**Appellant**

 **v.**

**SANDRA COWAN,**

**Appellee**

### From the 335th[1] District Court
### Burleson County, Texas
### Trial Court No. 26,129

## ORDER

On November 29, 2017 Ullja Kuntze tendered for filing a document entitled "Appellant's Motion Requesting Clarification and Correction in the Appellate Record." Notwithstanding the use by Kuntze of the term-of-art "Appellate Record," her actual complaint is about inconsequential entries in the Court's case management records known as TAMES.

---

[1] When this case was originally filed the trial court clerk's transmittal letter indicated that this proceeding was an appeal from the 21st District Court of Burleson County. Kuntze subsequently pointed out that it was actually from the 335th District Court of Burleson County and, accordingly, we have corrected our case management records and style of this appeal.

Because Kuntze has directed the Court's attention to several inconsistencies or incorrect entries, which the Court will correct, we will briefly comment on some of them. Most of her complaints surround the filing, and then transfer to a separate proceeding, of a document she tendered for filing on November 17, 2017.

Kuntze first complains that the November 17, 2017 document should not have been docketed as an original proceeding, 10-17-00384-CV, *In re Ullja Kuntze*. She is incorrect, and the Court has explained the reason a document, even when tendered for filing in an existing case, will be set up as an original proceeding in the opinion issued therein. Kuntze's motion on this issue is overruled.

Kuntze next argues that the Court erred in keeping the November 17, 2017 document in this appeal, docket number 10-17-00228-CV. In this regard, Kuntze is correct. Once the "motion" was set up as an entirely new proceeding, it may have been advisable to either note what we had done with it in this proceeding, or strike it entirely. Accordingly, the Clerk of this Court is ordered to strike the November 17, 2017 document from this appeal in TAMES.

Striking it entirely from this proceeding also eliminates the need to address Kuntze's arguments about how the November 17, 2017 document is characterized in TAMES in this appeal. Those complaints are dismissed as moot because the document is no longer filed in this appeal.

Kuntze does, however, note that the original proceeding in which the November 17, 2017 document was filed did not indicate it was an original proceeding. Kuntze is

correct in that oversight on our part, and the appropriate "box" in TAMES will be checked.

Kuntze next argues that the Court erred in not adding all the parties Kuntze designated in the November 17, 2017 document as parties in this direct appeal. We do not agree with Kuntze on this issue. Parties to a trial court proceeding do not change on appeal unless there is a formal substitution of parties, normally due to the death or legal disability, or legal reorganization of a named party to the trial court proceeding. None of that happened to a party in this appeal. Rather, Kuntze tried to assert new complaints, via a document filed in this appeal, against persons or entities who were not parties in the trial court. This is improper. Kuntze refers to these new parties as the "respondent" and "real party." The Court need not wait to hear argument from the alleged "respondent" or "real party," as argued by Kuntze, before we dismiss or deny Kuntze's frivolous argument that they are somehow now made parties in this direct appeal.

Finally, Kuntze argues that the Court was unreasonable in referring to a document dated November 21, 2017 as received rather than filed. The document was initially stamped as "filed." However, part of the document's title was "Request for Certified Copies" so it was unclear if it was actually a motion and, therefore, should be "filed," or whether it was simply correspondence and, therefore, should be only "received." The Court has treated the document as a motion, and filed it as such in the direct appeal (and has already denied the relief sought in that frivolous motion).

Any relief requested in the motion filed on November 29, 2017 not expressly granted herein is denied.

Having ruled on or addressed the concerns raised by Kuntze in her November 29, 2017 motion, we now address the conduct of Kuntze by filing the document. Kuntze has filed so many documents so fast it is virtually impossible to understand what her complaints are, or the basis for them, and it is impractical for the Court to attempt to do so.

Because she is not an attorney, her numerous filings are often incomprehensible in the legal foundation needed for the Court to address the issue. There is not a single issue that we were asked to address in the November 29, 2017 motion that would impact the outcome of Kuntze's appeal on its merits. We are striving to reach those issues, but these numerous unfounded or immaterial complaints are distracting and time consuming to address. If they do not stop, the Court may conclude that it is only delay that Kuntze seeks and not a disposition on the merits.

Accordingly, Kuntze is warned that the Court will no longer engage in this type "ruling" on her frivolous motions. Frivolous motions like this will be summarily dismissed.


PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Order issued and filed January 3, 2018

